IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



JAN 1 2 2004

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL ...
MADISON COUNTY, ILLINOIS

DAVID P. AWALT )
)
Plaintiff, )
)
vs. )
) Cause No. 04 L 24
ALLIED SECURITY, )
REMEDIAL CONSTRUCTION SERVICES, )
CONOCO/PHILLIPS PETROLEUM, and )
PRESTON WHITE )
)
Defendants. )

04-126-mJR

## COMPLAINT

### COUNT I

COMES NOW the Plaintiff, DAVID P. AWALT, by and through his attorneys, Kujawski & Nowak, P.C., and for Count I of his Complaint against the Defendant, Allied Security (hereinafter referred to as "**Allied**"), a corporation, states as follows:

1. That at all times mentioned herein the plaintiff was and is a resident and a citizen of the State of Illinois.

2. That at all times mentioned herein the defendant Allied Security was and is a corporation doing business in the County of Madison, State of Illinois.

3. That on April 24, 2003, the plaintiff was employed by Remedial Construction Services on a project being performed at the Phillips/Conoco Oil Refinery located in the City of Hartford, County of Madison, State of Illinois.

4. That on or about April 24, 2003, the defendant Allied provided security guard service at the aforementioned Phillips/Conoco refinery.



5. That in the course and scope of providing security services at the Phillips/Conoco refinery, the defendant, by and through its agents servants and employees orally and publicly accused the plaintiff of stealing property from the refinery. That defendant further alleged that the plaintiff was untrustworthy, deceitful and dishonest.

6. That the act of stealing is a criminal offense within the terms and meanings of the Criminal Code of Illinois.

7. That the plaintiff had not stolen any property from the refinery as accused.

8. That the above referenced accusation was made in the presence of other, non-security employees working at the Conoco/Phillips refinery and was repeated to plaintiff's union representatives.

9. That the comments made by the defendant were unfounded, scurrilous, baseless and slanderous.

10. That the comments made by defendant slandered the moral integrity, honesty, moral turpitude, reputation, credibility, character and trustworthiness of the Plaintiff.

11. That the baseless and slanderous statements have damaged the reputation and career of Plaintiff and are damaging and destructive to his relationship with his fellow workers, employers and local union officials.

12. That as a result of the statements made by defendant's and/or their representatives, agents and employees, plaintiff's employment at the Conoco/Phillips refinery was terminated.

13. That at the time of said termination, plaintiff was advised that he would be barred from all future employment at the Conoco/Phillips refinery.

## LIBEL

14. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants and employees, committed libel and libel per se toward the Plaintiff.

## SLANDER

15. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, committed slander and slander per se toward the Plaintiff.

## FALSE LIGHT

16. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, held the Plaintiff in false light.

## RIGHT-OF-PRIVACY

17. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, invaded Plaintiff's right-of-privacy.

## TORTUOUS INTERFERENCE

18. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, tortuously interfered with Plaintiff's employment contact with Conoco/Phillips Petroleum.

19. That as a direct and proximate result, of one or more of the above-referenced acts, the Plaintiff has been caused to lose substantial wages and benefits, and is likely to continue losing substantial wages and benefits in the future.

20. That as a direct and proximate result of one or more of the above-referenced acts, the Plaintiff has become physically ill and sustained injuries to his body which is permanently disabling.

WHEREFORE, the Plaintiff, DAVID P. AWALT, prays judgment against the Defendant, ALLIED SECURITY, in an amount of money in excess of Fifty Thousand Dollars $50,000 adequate to fully and fairly compensate the Plaintiff for his damages sustained, including costs and attorneys fees.

## COUNT II

COMES NOW the Plaintiff, DAVID P. AWALT, by and through his attorneys, Kujawski & Nowak, P.C., and for Count II of his Complaint against the Defendant, Remedial Construction Services, Incorporated, a corporation (hereinafter referred to as "Recon"), states as follows:

1. That at all times mentioned herein the plaintiff was and is a citizen and a resident of the State of Illinois.

2. That at all times mentioned herein the defendant Recon was and is a corporation doing business in the County of Madison, State of Illinois.

3. That on April 24, 2003, the plaintiff was employed by Recon on a project being performed at the Phillips/Conoco Oil Refinery located in the City of Hartford, County of Madison, State of Illinois.

4. That on or about April 24, 2003, the defendant RECON was performing a construction project at the aforementioned Phillips/Conoco refinery.

5. That in the course and scope of performing the aforementioned project at the Phillips/Conoco refinery, the defendant, by and through its agents servants and

employees accused the plaintiff of stealing property from the refinery. That defendant further alleged that the plaintiff was untrustworthy, deceitful and dishonest.

6. That the act of stealing is a criminal offense within the terms and meanings of the Criminal Code of Illinois.

7. That the plaintiff had not stolen any property from the refinery as accused.

8. That the above referenced accusation was made in the presence of other employees working at the Conoco/Phillips refinery and was repeated to plaintiff's union representatives.

9. That the comments made by the defendant were unfounded, scurrilous, baseless and slanderous.

10. That the comments made by defendant slandered the moral integrity, honesty, moral turpitude, reputation, credibility, character and trustworthiness of the Plaintiff.

11. That the baseless and slanderous statements have damaged the reputation and career of Plaintiff and are damaging and destructive to his relationship with his fellow workers, employers and local union officials.

12. That as a result of the statements made by defendant's and/or their representatives, agents and employees, plaintiff's employment at the Conoco/Phillips refinery was terminated.

13. That at the time of said termination, plaintiff was advised that he would be barred from all future employment at the Conoco/Phillips refinery.

## LIBEL

14. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants and employees, committed libel and libel per se toward the Plaintiff.

## SLANDER

15. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, committed slander and slander per se toward the Plaintiff.

## FALSE LIGHT

16. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, held the Plaintiff in false light.

## RIGHT-OF- PRIVACY

17. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, invaded Plaintiff's right-of-privacy.

## TORTUOUS INTERFERENCE

18. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, tortuously interfered with Plaintiff's employment contact with Conoco/Phillips Petroleum.

19. That as a direct and proximate result, of one or more of the above-referenced acts, the Plaintiff has been caused to lose substantial wages and benefits, and is likely to continue losing substantial wages and benefits in the future.

20. That as a direct and proximate result of one or more of the above-referenced acts, the Plaintiff has become physically ill and sustained injuries to his body which is permanently disabling.

WHEREFORE, the Plaintiff, DAVID P. AWALT, prays judgment against the Defendant, RECON, in an amount of money in excess of Fifty Thousand Dollars $50,000 adequate to fully and fairly compensate the Plaintiff for his damages sustained, including costs and attorneys fees.

## COUNT III

COMES NOW the Plaintiff, DAVID P. AWALT, by and through his attorneys, Kujawski & Nowak, P.C., and for Count I of his Complaint against the Defendant, Conoco/Phillips Petroleum Companies (hereinafter referred to as "Conoco"), a corporation, states as follows:

1. That at all times mentioned herein the plaintiff was and is a citizen and a resident of the State of Illinois.

2. That at all times mentioned herein the defendant CONOCO was and is a corporation doing business in the County of Madison, State of Illinois.

3. That on April 24, 2003, the plaintiff was employed by Remedial Construction Services on a project being performed at the Phillips/Conoco Oil Refinery located in the City of Hartford, County of Madison, State of Illinois.

4. That on or about April 24, 2003, the defendant CONOCO was the owner and/or operator of the aforementioned Phillips/Conoco refinery.

5. That in the course and scope of owning and/or operating said Phillips/Conoco refinery, the defendant, by and through its agents servants and employees accused the plaintiff of stealing property from the refinery. That defendant further alleged that the plaintiff was untrustworthy, deceitful and dishonest.

6. That the act of stealing is a criminal offense within the terms and meanings of the Criminal Code of Illinois.

7. That the plaintiff had not stolen any property from the refinery as accused.

8. That the above referenced accusation was made in the presence of other, non-security employees working at the Conoco/Phillips refinery and was repeated to plaintiff's union representatives.

9. That the comments made by the defendant were unfounded, scurrilous, baseless and slanderous.

10. That the comments made by defendant slandered the moral integrity, honesty, moral turpitude, character and trustworthiness of the Plaintiff.

11. That the baseless and slanderous statements have damaged the reputation and career of Plaintiff and are damaging and destructive to his relationship with his fellow workers, employers and local union officials.

12. That as a result of the statements made by defendant's and/or their representatives, agents and employees, plaintiff's employment at the Conoco/Phillips refinery was terminated.

13. That at the time of said termination, plaintiff was advised that he would be barred from all future employment at the Conoco/Phillips refinery.

## LIBEL

14. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants and employees, committed libel and libel per se toward the Plaintiff.

## SLANDER

15. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, committed slander and slander per se toward the Plaintiff.

## FALSE LIGHT

16. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, held the Plaintiff in false light.

## RIGHT-OF- PRIVACY

17. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, invaded Plaintiff's right-of-privacy.

## TORTUOUS INTERFERENCE

18. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, tortuously interfered with Plaintiff's employment contact with Conoco/Phillips Petroleum.

19. That as a direct and proximate result, of one or more of the above-referenced acts, the Plaintiff has been caused to lose substantial wages and benefits, and is likely to continue losing substantial wages and benefits in the future.

20. That as a direct and proximate result of one or more of the above-referenced acts, the Plaintiff has become physically ill and sustained injuries to his body which is permanently disabling.

WHEREFORE, the Plaintiff, DAVID P. AWALT, prays judgment against the Defendant, CONOCO, in an amount of money in excess of Fifty Thousand ($50,000.00) adequate to fully and fairly compensate the Plaintiff for his damages sustained, including costs and attorneys fees.

## COUNT IV

COMES NOW the Plaintiff, DAVID P. AWALT, by and through his attorneys, Kujawski & Nowak, P.C., and for Count I of his Complaint against the Defendant, Preston White (hereinafter referred to as "WHITE"), states as follows:

1. That at all times mentioned herein the plaintiff was and is a citizen and a resident of the State of Illinois.

2. That at all times mentioned herein the defendant WHITE, was an individual employed by Remedial Construction Services, and was and is a citizen and resident of the State of Illinois at all times relevant.

3. That on April 24, 2003, the plaintiff was employed by Remedial Construction Services on a project being performed at the Phillips/Conoco Oil Refinery located in the City of Hartford, County of Madison, State of Illinois.

4. That on or about April 24, 2003, the defendant WHITE was employed as plaintiff's supervisor at the aforementioned Phillips/Conoco refinery.

5. That in the course and scope of supervising the plaintiff, the defendant accused the plaintiff of stealing property from the refinery. That defendant further alleged that the plaintiff was untrustworthy, deceitful and dishonest.

6. That the act of stealing is a criminal offense within the terms and meanings of the Criminal Code of Illinois.

7. That the plaintiff had not stolen any property from the refinery as accused.

8. That the above referenced accusation was made in the presence of other, non-security employees working at the Conoco/Phillips refinery and was repeated to plaintiff's union representatives.

9. That the comments made by the defendant were unfounded, scurrilous, baseless and slanderous.

10. That the comments made by defendant slandered the moral integrity, honesty, moral turpitude, character and trustworthiness of the Plaintiff.

11. That the baseless and slanderous statements have damaged the reputation and career of Plaintiff and are damaging and destructive to his relationship with his fellow workers, employers and local union officials.

12. That as a result of the statements made by defendant's and/or their representatives, agents and employees, plaintiff's employment at the Conoco/Phillips refinery was terminated.

13. That at the time of said termination, plaintiff was advised that he would be barred from all future employment at the Conoco/Phillips refinery.

## LIBEL

14. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants and employees, committed libel and libel per se toward the Plaintiff.

## SLANDER

15. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, committed slander and slander per se toward the Plaintiff.

## FALSE LIGHT

16. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, held the Plaintiff in false light.

## RIGHT-OF- PRIVACY

17. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, invaded Plaintiff's right-of-privacy.

## TORTUOUS INTERFERENCE

18. That as a direct and proximate result, of one or more of the acts or omissions of the Defendant, by and through Defendant's agents, servants, and employees, tortuously interfered with Plaintiff's employment contact with Conoco/Phillips Petroleum.

19. That as a direct and proximate result, of one or more of the above-referenced acts, the Plaintiff has been caused to lose substantial wages and benefits, and is likely to continue losing substantial wages and benefits in the future.

20. That as a direct and proximate result of one or more of the above-referenced acts, the Plaintiff has become physically ill and sustained injuries to his body which is permanently disabling.

WHEREFORE, the Plaintiff, DAVID P. AWALT, prays judgment against the Defendant, PRESTON WHITE, both individually, and as agent, servant, and employee of REMEDIAL CONSTRUCTION SERVICES, in an amount of money in excess of Fifty Thousand ($50,000.00) adequate to fully and fairly compensate the Plaintiff for his damages sustained, including costs and attorneys fees.

KUJAWSKI & NOWAK, P.C.

By: _____
John P. Kujawski 3128922
1331 Park Plaza Drive
Suite 2
O'Fallon, Illinois, 62269
(618) 622-3600
**Attorneys for Plaintiff**